## COMMONWEALTH v. JOHN SHAFFER.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF YORK COUNTY.

Argued May 23, 1889—Decided October 7, 1889.

The discrimination against non-residents in the act of May 18, 1866, P. L, 1097, in relation to huckstering in Bedford and certain other counties.

having been removed by the supplemental act of March 14, 1867, P. L. 459, it was error to quash an indictment against a citizen of Maryland for huckstering in York county without a license, on the ground that the said discrimination violated § 2, article IV. of the constitution of the United States.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 66 July Term 1889, Sup. Ct.; court below, No. 120 August Term 1888, Q. S.

On September 1, 1888, the grand jury returned as a true bill an indictment charging John Shaffer with huckstering in York county without a license, in violation of the act of May 18, 1866, P. L. 1097. On motion of the defendant, the indictment was quashed, LATIMER, J., for the reason stated in the opinion of the Supreme Court. Thereupon the commonwealth took this writ, assigning the quashing of the indictment as error.

Mr. N. M. Wanner, District Attorney, (with him Mr. John W. Bittenger and Mr. John W. Heller), for the plaintiff in error.

Mr. E. D. Ziegler (with him Mr. Frank Geise and Mr. J. R. Strawbridge), for the defendant in error.

OPINION, Mr. JUSTICE McCOLLUM:

The act of May 18, 1866, P. L. 1097, declares that "it shall not be lawful for any person, or persons, to huckster, buy or barter for, within the limits of the counties of Bedford, Cumberland, Franklin, Fulton and York, with the intent to sell, or dispose of, to any person, or persons, outside of the said counties, respectively, butter, eggs, dried fruit, veal, chickens, turkeys, geese, ducks, or other poultry, without first taking out an annual license from the treasurers of said counties respectively;" and that any person or persons violating any of its provisions, shall be guilty of a misdemeanor. It fixes the price of a license to a person residing in the county at one tenth the sum which a non-resident is required to pay for the same.

The indictment in this case charges that John Shaffer, did huckster, buy and barter for, in the county of York, the produce mentioned in the act, with the intent to sell and dispose

of the same to divers persons outside of said county, and without having taken out a license authorizing him so to do.    Shaffer is a non-resident of the county, and a citizen of Maryland. The court below, being of opinion that the discrimination against non-residents was violative of § 2 article IV. of the constitution of the United States, which provides that " the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," decided that the act was unconstitutional, and quashed the indictment founded upon it.    But the feature of the act on which it and the indictment were condemned, was removed by the supplementary act of March 14, 1867, P. L. 459, which repealed so much of the original act as discriminated against non-residents.    It appears that this supplement was overlooked in the argument and consideration of the motion to quash the indictment.    The commonwealth makes no complaint of the view taken by the court of the original act, and the validity of the act as amended is not questioned by the defendant.    The indictment was good and it was error to quash it.

> Judgment reversed and record remitted for further proceedings according to law.